# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

FILED DEC 2 2 2006
U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re ) Chapter 11
)
PICTURESQUE, L.L.C., ) Case No. 2-06-02461-EWH
)
) **MEMORANDUM DECISION**
Debtor. )
)

At issue is whether the Debtor's lessors may include in their administrative claim rent for the post petition days the Debtor occupied their properties when the obligation to pay a full month's rent, arose pre-petition.

11 U.S.C. §365 (d)(3) requires a debtor in possession to timely perform all obligations under an unexpired lease pending the decision to assume or reject. If the debtor fails to timely perform any lease obligations that accrued during that post petition, pre-rejection period, the lessor is entitled to an administrative claim for the unperformed obligations. In re Pacific-Atlantic Trading Co., 27 F.3d 401, 403-405 (9th Cir. 1994). In this case, rent was due to all of the Debtor's landlords on the first of the month, the Debtor did not pay it on that date and filed for Chapter 11 relief seven days later on August 8, 2006. Two schools of thought have emerged in dealing with this so-called "stub rent" issue: the proration theory; In re Handy Andy Home Improvement Centers, Inc., 144 F.3d 1125 (7th Cir. 1998) and the performance date theory; In re Montgomery Ward Holding Corp., 268 F.3d 205 (3rd Cir. 2001). Under the proration theory, rent which accrues post petition may be included in an administrative claim. Under the performance theory, an obligation accrues in its entirety when it is billed and, therefore, if a

monthly obligation was billed prepetition, no part of that obligation is entitled to an administrative claim status. The proration theory is followed by a slight majority of the courts. In re Furr's Supermarkets, Inc., 83 B.R. 60, 68 (10th Cir. B.A.P. 2002).

The Debtor, citing In re Cukierman, 265 F.3d 846 (9th Cir. 2001) argues that the Ninth Circuit has adopted the performance rule. However, Cukierman does not directly address the stub rent issue. As noted in In re National Refractories & Minerals Corp., 297 B.R. 614, 619 n.4 (Bankr. N.D. California 2003):

> The *Cukierman* court held that the lessor was entitled to an administrative claim for amounts designated as rent but which were actually payments that accrued during this period on a promissory note. Thus, the question presented in *Cukierman* was not whether a claim could qualify as an administrative claim under 11 U.S.C. § 365(d)(3) even though it accrued pre-petition. The question was whether the claim had to relate to the use of the nonresidential real property. The *Cukierman* court held that it did not, as long as the amount in question was designated as rent under the lease. 265 F.3d at 849-852.

Because Cukierman is not directly on point, it is not controlling. The court will, therefore, follow the majority and adopt the proration approach. The landlords are entitled to an administrative (but not a priority) claim for rent which became due after the petition date.

Dated this 22nd day of December, 2006.

Eileen W. Hollowell
U.S. Bankruptcy Judge

2

Copy of the foregoing mailed
this 22nd day of December, 2006, to:

Dale C. Schian, Esq.
Michael P. Thieme, Esq.
Schian Walker, P.L.C.
3550 North Central Avenue #1500
Phoenix, AZ 85012-2188

William Novotny, Esq.
Mariscal Weeks McIntyre & Friedlander, P.A.
2901 North Central Avenue #200
Phoenix, AZ 85012-2705

Don C. Fletcher, Esq.
The Cavanagh Law Firm
1850 North Central Avenue #2400
Phoenix, AZ 85004

James Trimble, Esq.
Fennemore Craig P.C.
3003 North Central Avenue #2600
Phoenix, AZ 857012-2913

Bradley Stevens, Esq.
Jennings Strouss & Salmon, P.L.C.
201 East Washington Street, 11th Floor
Phoenix, AZ 85004-2385

Sydney G. Platzer, Esq.
Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, L.L.P.
1065 Avenue of the Americas, 18th Floor
New York, NY 10022-6017

By _____
Judicial Assistant